UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GUSTRY L. SAILEE,<br><br>    Plaintiff,<br><br>v.<br><br>ANOKA COUNTY, ANOKA METRO REGIONAL TREATMENT CENTER, SOCIAL/HUMAN SERVICES, CATHY ROSENTHAL, ERIC, ANN, ERIN, SANOY, CHAR and GRETCHEN,<br><br>    Defendants. | Civil No. 08-6043 (JMR/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

---

[1] It appears that Plaintiff is currently incarcerated pursuant to a civil commitment order entered in a Minnesota state court proceeding. However, it is unclear from Plaintiff's submissions whether he was committed pursuant to a pending state criminal action against him, or whether his current commitment is "purely civil." If Petitioner was committed in a

In this case, Plaintiff's pleading is an incomprehensible collection of phrases and sentence fragments. The complaint does not describe any specific acts or omissions by any of the named Defendants. In fact, most of the Defendants are not even mentioned anywhere in the complaint, except in the caption. Although the complaint mentions several statutes and legal phrases, it does not clearly identify any cognizable legal basis for Plaintiff's lawsuit. Furthermore, the complaint does not identify the relief, (if any), that Plaintiff is seeking in this matter.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s), based on some settled legal principle or doctrine. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Conclusory allegations alone will not suffice. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Furthermore, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

---

criminal case, and he has been convicted or there are still criminal charges pending against him in that case, then he is considered to be a "prisoner" for purposes of the Prison Litigation Reform Act, ("PLRA"), and his complaint is subject to the mandatory screening requirement prescribed by 28 U.S.C. § 1915A. See 28 U.S.C. § 1915A(c). However, even if Plaintiff is not subject to the PLRA, his complaint is still subject to sua sponte review under 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff has not alleged any facts that would support any claim against any of the individual Defendants under any cognizable legal theory, he has failed to plead any cause of action on which relief can be granted.  Therefore, Plaintiff's IFP application must be denied, and this action must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 19, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 8, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.